**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**BRIAN C. JENKINS,**

    **Petitioner,**

**v.**                                                       **Civil action no. 5:13cv99
Criminal action no. 5:11cr6
(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On August 2, 2013, the *pro se* petitioner, an inmate at U.S.P. Tucson, in Tuscon, Arizona, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in which he alleges ineffective assistance of counsel. Although the Clerk of Court issued a deficiency notice, directing petitioner to re-file his motion on a court-approved form within twenty-one days, under the circumstances, there is no reason to wait for petitioner to do so.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Facts

**A. Conviction and Sentence**

On October 3, 2011, the petitioner signed a plea agreement in which he agreed to plead guilty to Count Three and Four of the Indictment, charging him with production of child pornography in violation of Title 18, U.S.C. §§2251(a) and (e), and tampering with a witness and attempting to do so – aiding and abetting, in violation of Title 18, U.S.C. §§1512(b)(2) and 2.

1

The plea agreement contained a binding agreement between the Government and petitioner that the sentence to be imposed would be two hundred and ten months incarceration followed by fifteen years of supervised release. (Dkt.# 43 at 2). Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. (Id. at 5). On October 13, 2011, the petitioner entered his plea in open court. On December 19, 2011, the Court sentenced the petitioner to two hundred ten months imprisonment on each count, to run concurrently; fifteen years supervised release on Count Three; and three years' supervised release on Count Four, to run concurrently with the fifteen years supervised release on Count Three.

**B. Appeal**

Petitioner did not file an appeal.

**C. Federal Habeas Corpus**

The petitioner asserts that counsel was ineffective for:

**1)** failing to challenge the federal court's jurisdiction,

    a) which was improper because 18 U.S.C. §3231 was improperly enacted;

    b) the alleged crimes took place on land where the federal court had no jurisdiction, and

    c) the alleged crimes violate statutes that are beyond the authority of Congress to enact.

**2)** Counsel was ineffective at the suppression hearing for failing to raise all pertinent issues, and for failing to correctly argue the issues that were raised, such as:

    a) challenging the reason the police originally initiated the petitioner's stop;

    b) not requesting a continuance when a critical witness failed to appear; and

    c) not making other arguments regarding standing, ownership, and veracity of the search warrant affidavit and application.

**3)** Counsel failed to challenge the fact that the police searched the camera without a warrant.

**4)** Counsel failed to appeal the results of the suppression hearing.

**5)** Counsel failed to request a competency hearing by a qualified examiner for petitioner, pursuant to 18 U.S.C. §3006(A)(e).

**6)** As a public defender with limited resources, including limited time, counsel had a conflict of interest which precluded his satisfactory representation of petitioner and caused him to apply undue pressure on petitioner in order to get him to plead guilty.

**7)** Cumulative errors committed by counsel, through affirmative actions or omissions, affected petitioner's representation.

## D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

## III. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[2] or

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

3

> 4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, *supra* at 511. Here, because petitioner has already addressed the issue of his untimeliness in some detail in his motion, and the grounds he raises in support of his motion to vacate are clearly not newly discovered issues, the undersigned has proceeded to consider whether the motion is timely without providing the petitioner further opportunity to explain the timeliness of his petition.

In the instant case, the §2255 motion is clearly untimely under subsection 1. When a prisoner does not file a petition a notice of appeal of his conviction or sentence, the judgment becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). Petitioner's judgment of conviction was entered on the record on December 20, 2011. Petitioner never filed a direct appeal. Thus, his conviction became final on January 3, 2012, when the time for seeking such review expired.[3] *See* Clay v. United States, 537 U.S. 522 (2003). Therefore, under AEDPA, he had until January 3, 2013, to file a §2255 motion. The petitioner did not file his petition until August 2, 2013, seven months after the statute of limitations had expired. Thus, the petitioner's §2255 motion is untimely under subsection 1.

---

[3] If a there is no direct appeal, a conviction final 14 days after the Judgment and Commitment Order is entered. (See Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6)).

Because the petitioner does not allege that his motion is based on new facts or on a right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review, subsections 3 and 4 are not applicable to this case.

Rather, petitioner appears to be alleging that under subsection 2, he is entitled to equitable tolling due to "extraordinary circumstances" beyond his control.

Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Sosa, *supra* at 512, *quoting* Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) *(en banc)* (quotation marks omitted), *cert. denied,* 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented a defendant from filing a petition, or extraordinary circumstances beyond the defendant's control made it impossible to timely file the claim. United States v. Anderson, No. 04-0353, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012), quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. Holland v. Florida, 130 S.Ct. 2549, 2563 (2010).

Here, petitioner contends that after he was sentenced on December 19, 2011, he was placed into general population at the county jail for "about five months." On May 16, 2012, he was transferred to the state penitentiary where he remained in general population until September 26, 2012, a period of about three and a half months. He was then transferred to CCA

5

Youngstown, Ohio, on October 2, 2012, and from there, taken to Oklahoma City on October 23, 2012. He arrived at U.S.P. Tucson on November 12, 2012, but was placed in the Special Housing Unit ("SHU") until November 21, 2012.

He contends that during all of his time in general population, he could not prepare his habeas petition because it was impossible to consult with anyone, even the prison law library clerks, inmates themselves, because of the nature of the charges he was convicted of and the hostile attitude of other prisoners toward sex offenders. He contends that if anyone discovered what he was convicted of, he risked being "attacked, possibly killed." He argues that this fear even precluded use of law library computers, "because anyone can see what is being researched." He contends that it was only after being released from the SHU "the day after Thanksgiving 2012, was it possible to confide in others to seek help and advice," and *"it was not until very recently that [he] . . . was able to overcome the fear of attack and seek assistance."* (Dkt.# 53 at 12)(emphasis added).

Here, the undersigned finds no reason to equitably toll the statute, since petitioner admits that he had a total eight and a half months in general population at two different facilities, one "county" and one state penitentiary. Both of these facilities have adequate law libraries, with computers and online access to case law. Petitioner could have, but did not use that time to prepare his petition during those months. Further, once arriving in the federal system, petitioner had over six weeks at U.S.P. Tucson, from November 21, 2012, when he was released from the SHU, until January 3, 2013, when the one-year statute of limitations for timely filing his §2255 motion expired, in which he could have pursued relief. Petitioner has offered no explanation for why he waited those six-plus weeks, plus seven more months, to finally prepare his petition;

6

clearly his fear of lethal reprisals from other inmates for researching and drafting his §2255 petition have not materialized.

It appears that the petitioner has not been prevented by any extraordinary circumstance beyond his control, let alone any impediment by the government, from filing his petition; nor does it appear that he has shown the due diligence necessary to consider extending the filing time limits. Accordingly, the petitioner's motion to vacate should be dismissed.

## V. Recommendation

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion and **DISMISSING it with prejudice**.

Any party may file **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by August 20, 2013**, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985). The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket.

DATED: August 6, 2013

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNTED STATES MAGISTRATE JUDGE