IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN C. JENKINS,

       Petitioner,

v.                            Civil Action No. 5:13CV99
                           (Criminal Action No. 5:11CR6)
UNITED STATES OF AMERICA,            (STAMP)

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
AND DENYING PETITIONER'S MOTION
FOR LEAVE TO AMEND AS MOOT**

I.  Background

On October 3, 2011, the pro se[1] petitioner, Brian C. Jenkins, signed a plea agreement in which he pled guilty to two counts, one for production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e), and the other for tampering with a witness, in violation of 18 U.S.C. §§ 1512(b)(2) and 2.  The plea agreement was binding if the petitioner was sentenced to 210 months incarceration followed by 15 years of supervised release.  Further, the petitioner waived his appellate rights if sentenced as agreed upon by the parties.  On December 19, 2011, this Court sentenced the petitioner to 210 months of incarceration followed by 15 years of supervised release.  The petitioner did not appeal.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

The petitioner then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody on August 2, 2013.  The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15.  The petitioner was then issued a deficiency notice by the clerk directing the petitioner to re-file his motion on a court-approved form within 21 days, however, the magistrate judge found that the matter was ripe for review and entered his report.

The magistrate judge issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice.  The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within 14 days after being served with copies of the report.  On September 23, 2013, the petitioner filed timely objections to the report and recommendation.  The petitioner also filed an accompanying motion for leave to amend his complaint with his objections to the report and recommendation.  For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety and denies the petitioner's motion for leave to amend.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III.  Discussion

In his § 2255 petition, the petitioner asserts several claims. The petitioner's objections, however, focus on his contention that although his petition is untimely, he is entitled to equitable tolling of the one-year statute of limitations that accompanies the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The petitioner argues that he was unable to comply with the AEDPA timeliness requirement because of his fear that he would be harmed by other inmates if he completed any legal work that may tip off the other inmates to his status as a sex offender.  A recitation of a time line of the petitioner's incarceration, however, reveals that the petitioner should have been able to complete the legal work he needed to in order to file the instant petition on time.

After he was sentenced, the petitioner was placed in the general population of the county jail for almost five months.  The petitioner was then transferred to the West Virginia State

Penitentiary on May 16, 2012, where he remained in general population until September 26, 2012. Thereafter, the petitioner was transferred two more times and was eventually placed at USP Tucson on November 12, 2012. At this time, he was placed in the Special Housing Unit ("SHU") at that facility. The petitioner was then put in general population on November 21, 2012. The petitioner had until July 3, 2013 to seek review of his sentence, but failed to do so until August 2, 2013.

In his report and recommendation, the magistrate judge found that the petitioner was barred from filing the petition because it was clearly untimely. The report and recommendation noted that notice of the magistrate judge's intention to dismiss was not necessary because the untimeliness was "indisputably clear" under AEDPA because the petitioner had filed the petition seven months after it was required to be filed. Further, the magistrate judge found that the petitioner's equitable tolling argument was without merit. Because the petitioner was in general population for a total of eight and a half months where he had adequate law libraries and online access to case law and documents for his petition, the petitioner's argument failed. Finally, the magistrate judge cited that the petitioner had not offered an explanation for the six-plus weeks that he waited when he was released from the SHU at USP Tucson wherein he could have met the deadline for the AEDPA statue of limitations.

4

As stated previously, AEDPA established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The AEDPA provides four options from which the limitation period shall run, depending on which event occurs last:

> 1. The date on which the judgment of conviction becomes final;
> 2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under the first event, if there is no direct appeal, a conviction is final 14 days after the judgment and commitment order is entered. See Fed. R. App. P. 4(b)(1)(A)(I) and 4(b)(6). Under the second event, equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2002) (citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 541 U.S. 905 (2004)). Thus, the petitioner must show that three elements were present to allow equitable tolling: (1) extraordinary circumstances, (2) beyond the petitioner's control or external to his own conduct, (3) that prevented him from filing in a timely manner. Id.

5

In the petitioner's objections, the petitioner objects to the magistrate judge's recommendation that he was able to conduct the legal research required to file in a timely manner.  He reiterates his original equitable tolling argument that he was a sex offender in fear of his life if any other inmate were to find out about his underlying offense.

This Court agrees with the magistrate judge that the petitioner's motion is clearly untimely under subsection 1 of 28 U.S.C. § 2255.  28 U.S.C. § 2255(f)(1).  Petitioner's judgment of conviction was entered on the record on December 20, 2011.  The petitioner did not appeal; thus, the tolling period began on January 3, 2013, 14 days after the judgment was entered.  See Fed. R. App. P. 4(b)(1)(A)(I) and 4(b)(6).  The petitioner did not file his petition with this Court until August 2, 2013, seven months after the statute of limitations expired.  Therefore, the petitioner must show that one of the other subsections of 28 U.S.C. § 2255 is applicable.

Based on the underlying petition and the petitioner's objections, petitioner appears to be relying on subsection 2 of 28 U.S.C. § 2255 – that he is entitled to equitable tolling due to external circumstances beyond his control.  28 U.S.C. § 2255(f)(2). This Court again, however, agrees with the magistrate judge that the petitioner has been unable to show that he is entitled to the belated start date granted by this subsection.

Although petitioner attempts to make a case under subsection 2 of 28 U.S.C. 2255(f), he has not clearly shown why he was able to file the petition on August 2, 2013, but was unable to file in the weeks between November 21, 2012 and January 3, 2013.  Petitioner claims that he was in fear of his life if he were to conduct legal research and have his status as a sex offender somehow revealed to other inmates.  The petitioner, however, was able to file the instant petition while housed in USP Tucson's general population. Petitioner has been in the general population at this location since November 21, 2012 and has not offered an explanation why he was more in fear of his life at that point than on August 2, 2013. Thus, because petitioner has been unable to explain this quandary and thus show that extraordinary circumstances beyond his control were present before he filed, he is not entitled to equitable tolling.

Accordingly, this Court adopts the report and recommendation of the magistrate judge and denies the petitioner's motion to vacate, set aside, or correct his sentence.  Further, this Court notes that the petitioner's motion to amend is therefore moot because the petitioner conditioned the granting of that motion on the underlying § 2255 petition being granted (which this Court has now denied).  Thus, that motion is also denied.

IV.  Conclusion

For the reasons stated above, based upon a de novo review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in

its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. Further, the petitioner's motion to amend his complaint is DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

8

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     September 27, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE